Dear Mr. Pierce and Mr. Marlbrough:
As outlined in your request, the Lafourche Parish Council questions the validity of a contract entered into between a private, for-profit ambulance company and Central Lafourche Ambulance Service District for emergency medical and ambulance services to the residents of the District.
In short, we believe the contract is valid. Lafourche Parish is a post-1974 home rule charter government. As such, the charter provides for the structure and powers of the Parish that are necessary, requisite, or proper for the management of its affairs and are not denied by general law or inconsistent with the Louisiana Constitution. Additionally, a home rule charter government has all powers and functions granted to local governmental subdivisions by the constitution except those powers which are prohibited by the charter.[1]
Central Lafourche Ambulance Service District was created pursuant to Title 33 of the Louisiana Revised Statutes and Article 3 of the Lafourche Parish Home Rule Charter. It was created for the purpose of owning and operating ambulances for the care and transportation of residents who require ambulance care. Although the charter specifically empowers the District to enter into lease agreements with non-profit associates that are primarily engaged in the operation of ambulance related organizations, it is not prohibited from entering into lease agreements with for-profit associates. Additionally, the District has the power to do and perform any and all acts in its capacity that are proper for the carrying out of the objects and purposes for which it was created and specifically has the power to enter into contracts for the acquiring of ambulance and medical facilities.
A home rule charter may contain more stringent requirements than the Louisiana Constitution or general law, however, it may not conflict with or supersede either.[2] La.R.S. 33:4791 allows a governing authority to adopt ordinances to regulate ambulance services that are operated by private individuals or companies. La R.S. 33:4791.1 allows a governing authority to protect the public health, safety, and welfare of its citizens by licensing, controlling, and regulating, by ordinance or resolution, privately operated ambulance services, the furnishing of emergency medical services, and any and all aspects attendant to ambulance operations within its jurisdiction. Louisiana promotes the use of medically acceptable and reliable ambulance services and through this statute makes clear that it favors the use of privately operated ambulance services.
The Council takes the position that this contract is outside the District's authority. We disagree. In support of its position, the Council first relies upon the language in the charter describing the object and purpose of the District. The language is that the District is to own and operate ambulances and the council interprets this to mean that the District cannot simply contract for ambulance services but must actually own and operate the ambulances. We first note that the object and purpose of the District contains more than merely owning and operating ambulances. Rather, it includes owning and operating ambulancesfor the care and transportation of persons suffering from illness ordisabilities that require ambulance care. It is apparent that the primary purpose is to provide ambulatory care to the residents of the District. It is also interesting to note that the object and purpose described in the charter is identical to the object and purpose of ambulance service districts provided by statute.[3] As noted earlier, the State of Louisiana favors the use of privately owned ambulance services and empowers local governing authorities to regulate them by ordinance or resolution.
This is exactly what Central Lafourche Ambulance Service District did. It, by resolution presented to the voters of the District, levied a special tax for the purpose of paying the cost of contracting for private ambulance services in the District. The voters overwhelmingly approved the resolution. The current contract between Central Lafourche Ambulance Service District and a private, for-profit ambulance corporation squarely falls within this resolution and is not at all inconsistent with the constitution or general law. Although the charter specifically authorizes the District to enter into lease agreements with non-profit associates, it does not prohibit the District from contracting with for-profit associates.
The Council questions if this contract goes against the confidence of the voters who approved and created the District. We do not believe so. On the contrary, the contract is a direct reflection of the voters' confidence and approval of the special tax to allow for such a contract.
We trust that this adequately responds to your request. If you have any questions or comments, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ TINA VICARI GRANT Assistant Attorney General
RPI/TVG/dam
Date Released: May 7, 2003
 Tina Vicari Grant Assistant Attorney General
[1] Article 6, Section 5 of the Louisiana Constitution of 1974
[2] Attorney General Opinion Number 02-0258
[3] La.R.S. 33:9041